# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>42.35 ACRES OF LAND, MORE OR LESS, SITUATE IN KERN COUNTY, CALIFORNIA, AND DONALD E. RINALDI, TRUSTEE FOR SIERRA CRAIGMYLE TRUST DATED DECEMBER 28, 1987, *et al*.<br>Defendants. | CASE NO. 1:17-cv-00930-LJO-JLT<br><br>**ORDER RE MOTION FOR IMMEDIATE DELIVERY OF POSSESSION (ECF No. 11)** |

This matter is before the Court on the *ex parte* motion of Plaintiff United States of America for an Order delivering immediate possession of the property at issue in this case ("Property") condemned to the United States. ECF No. 11 (the "Motion"). A Complaint in Condemnation concerning the Property was filed July 13, 2017, ECF No. 1, and funds totaling $226,300.00 were deposited in the Court Registry the same day. The United States avers that the present ownership status of the Property is unclear. *See generally* Doc. 14-2 at 2. Nonetheless, the United States has made efforts to serve all potential interested parties to the action. *Id*.

The Motion is made pursuant to 40 U.S.C. § 3114, the Declaration of Taking Act ("DTA"), which provides that the United States may initiate a proceeding to acquire "land, or an easement or right of way in land, for the public use" by filing "a declaration of taking signed by the authority empowered by law to acquire the land . . . declaring that the land is taken for the use of the Government." 40 U.S.C. § 3114(a). This process is sometimes described as the "quick-take" method. *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004). The declaration of taking shall

contain or have as attachments:

> (1) a statement of the authority under which, and the public use for which, the land is taken;
> (2) a description of the land taken that is sufficient to identify the land;
> (3) a statement of the estate or interest in the land taken for public use;
> (4) a plan showing the land taken; and
> (5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

*Id*. The Complaint in Condemnation in this case satisfies these threshold requirements, leaving "[t]he only question for judicial review . . . whether the purpose for which the property was taken is for a Congressionally authorized public use." *United States v. 0.95 Acres of Land*, 994 F.2d 696, 698 (9th Cir. 1993). In this case, the public use is set forth in Schedule B attached to the Complaint:

> Said land is necessary for the construction of the Lake Isabella Dam Safety Modification Project, Kern County, California, due to the finding of the Secretary of Army, through the Chief of Engineers, that the Isabella Dams are a Dam Safety Action Classification 1 (highest risk) due to a combination of seismic, hydrologic, and seepage deficiencies in combination with the large downstream population of the city of Bakersfield 40 miles southwest of the Isabella Dams, within the dam failure inundation zone, and for such other uses as may be authorized by Congress or by Executive Order.

Dkt. 1-2. This is indisputably a valid public purpose.

If the statutory procedures are followed and the Court confirms a public use, "[t]he district court may then enter an ex parte order of possession." *United States v. 0.95 Acres of Land*, 994 F.2d 696, 698 (9th Cir. 1993); *see also* 40 U.S.C. § 3114(b) ("On filing the declaration of taking and depositing in the court . . . the amount of the estimated compensation stated in the declaration . . . (1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the

land vests in the persons entitled to the compensation.").

The United States implies by its motion that the quick-take procedure entitles it to immediate possession as a matter of course before service of process has been completed on defendants and without affording them notice or opportunity to object. As one other district court has stated, "this Court's research and experience suggest otherwise." *United States v. 74.57 Acres of Land, More or Less*, No. CIV.A. 12-0239-WS-N, 2012 WL 1231933, at *2 (S.D. Ala. Apr. 11, 2012). "Significantly the [DTA] does *not* state that possession necessarily passes to the Government instantaneously upon filing of a declaration of taking and deposit of estimated just compensation." *Id*. (emphasis in original). Rather, the DTA provides that the court "may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner." 40 U.S.C. § 3114(d)(1). Federal courts have construed this language as empowering district courts to examine the equities of the matter to evaluate whether undue hardship to the present landowner or occupant might warrant some temporal gap between the filing of the declaration of taking and the owners' surrender of possession. *See id*. (citing cases).

Here, it is Plaintiff's position that immediate possession is necessary because the subject property is required for the construction of an urgently needed dam safety project designed to reduce risks posed to the public and property from dam safety concerns posed by floods, earthquakes and seepage at Lake Isabella Dam, which impounds Isabella Reservoir on the Kern River, forty miles northeast of Bakersfield, California. *See* Declaration of Mary Wise ("Wise Decl."), ECF No. 11-2 at ¶¶ 3, 5, 10. Plaintiff indicates that the construction effort for the remediation of Isabella Dam is "the subject of an ongoing federal procurement which was solicited on March 30, 2017." *Id*. at ¶ 10. The United States' further declares that "[f]ailure to receive immediate possession may disrupt and delay the procurement process and result in ongoing risk of the highest classification to all residents

downstream of the Isabella Dams." *Id*. at ¶ 12. Yet, Plaintiffs admit that the contract award will take place no sooner than September 11, 2017. Second Declaration of Mary Wise, ECF No. 14-1 at ¶ 4. Therefore, although the DTA does entitle Plaintiff to possession of the property, the Court sees no need to afford the United States <u>instantaneous</u> access without some form of notice to Defendants. Accordingly, the United States is instructed to serve a copy of this Order by any overnight mailing service that provides a tracking number on the individuals listed in Schedule G, ECF No. 7, for whom addresses are available. The United States shall file proof of mailing with the Court. Thereafter, Defendants shall have until 2:00 p.m. on Tuesday August 22, 2017 to file any objection to the United States' immediate possession of the property.

IT IS SO ORDERED.

| Dated: | **August 16, 2017** | /s/ Lawrence J. O'Neill |
|---|---|---|
| | | UNITED STATES CHIEF DISTRICT JUDGE |