JEFFREY H. WOOD
Acting Assistant Attorney General
READE E. WILSON
ANTHONY C. GENTNER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 305-0299
reade.wilson@usdoj.gov
anthony.gentner@usdoj.gov

ALYSON A. BERG
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4018
alyson.berg@usdoj.gov

*Attorneys for the United States.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>42.35 ACRES OF LAND, MORE OR LESS, SITUATE IN KERN COUNTY, CALIFORNIA, AND DONALD E. RINALDI, TRUSTEE FOR SIERRA CRAIGMYLE TRUST DATED DECEMBER 28, 1987, *et al*.<br>Defendants. | CASE NO. 1:17-cv-00930-LJO-JLT<br><br>**STIPULATION REGARDING OBJECTIONS AND DEFENSES RAISED BY DEFENDANT CHARLES DUNN** |

Plaintiff United States of America and Defendant Charles Dunn ("Dunn") stipulate that the only issue in this litigation is the amount and distribution of just compensation for the taking. In support of the stipulation, the parties to this stipulation agree as follows:

1. On July 13, 2017 ("Date of Taking"), the United States filed a Complaint in Condemnation and Declaration of Taking on behalf of the United States Army Corps of Engineers to take Tracts 417-1 and 417-2 in Lake Isabella, Kern County, California (the "Property"), and deposited estimated just compensation in the court registry. Title to the property vested in the United States on the Date of Taking pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114.

2. Counsel for Dunn filed an Answer (Dkt. 34) asserting a number of objections and defenses to the taking, namely:

   a. That Dunn lacks information sufficient to admit or deny the allegations in the Complaint regarding the authority for the taking; the public uses for which the property is taken; the legal description of the property taken; the plat (map) showing the property taken; and the estate in the property taken; and therefore denies the same ("Objections");

   b. That the Complaint fails to state a claim upon which relief may be granted ("First Affirmative Defense");

   c. That the Complaint has not been properly served on all parties ("Second Affirmative Defense");

   d. That just compensation for the Property taken exceeds $2,000,000 ("Third Affirmative Defense"); and

   e. That the action is barred by the doctrine of laches ("Fourth Affirmative Defense").

3. Dunn hereby withdraws and waives with prejudice the Objections, First Affirmative Defense, Second Affirmative Defense, and Fourth Affirmative Defense.

4. Dunn preserves all rights related to the Third Affirmative Defense.

STIPULATION REGARDING OBJECTIONS AND DEFENSES					2

5. The parties to this stipulation agree the only remaining issue in this litigation is the amount and distribution of just compensation for the Property.

6. Pursuant to Local Rule 143, this stipulation is signed by all parties who have appeared in this action and are affected by the stipulation.

7. No oral argument is requested.

8. A proposed order is below.

WHEREFORE, the United States respectfully requests that the Court enter the below proposed Order approving the stipulation.

Dated: April 3, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General

*/s/ Reade E. Wilson*
READE E. WILSON
*/s/ Anthony C. Gentner*
ANTHONY C. GENTNER
Trial Attorneys
United States Department of Justice

NOSSAMAN LLP

*/s/ Bernadette M. Duran-Brown*
BERNADETTE M. DURAN-BROWN
Attorney for Charles Dunn

IT IS SO ORDERED.

Dated: **April 3, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE