| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | **UNITED STATES DISTRICT COURT** |
| 9 | **EASTERN DISTRICT OF CALIFORNIA** |
| 10 | |

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA, | Case No.: 1:17-CV-00930-LJO-JLT |
| 12 | Plaintiff, | **ORDER DENYING MOTION[1] TO CONTINUE THE TRIAL** |
| 13 | v. | **(Doc. 53)** |
| 14 | 42.35 ACRES OF LAND, MORE OR LESS, SITUATE IN KERN COUNTY | |
| 15 | CALIFORNIA, et al., | |
| 16 | Defendants. | |

17

18    Defendant Dunn moves the Court for an order extending the case deadlines by 120 days.  (Doc.

19  53) Because the Mr. Dunn has failed to demonstrate good cause for the amendment, the motion is

20  **DENIED**.

21  **I.    Background**

22    The plaintiff initiated this action in condemnation on July 13, 2017.  (Doc. 1) On August 23,

23  2017, the Court granted the USA's request to obtain possession of the land (Doc. 17).  After this, the

24  key issue to resolve was the value of the property.

25    The Court issued the scheduling order on December 12, 2017, which required the parties to

26  disclose their experts on June 25, 2018 and any rebuttal experts by August 20, 2018.  (Doc. 40 at 3)

27

28  ---

[1] The ex parte request to hear the motion on shortened time is DENIED because the motion fails to establish good cause to amend continue the trial.

1

The Court granted Mr. Dunn's request to extend the deadlines related to expert and rebuttal disclosures to July 11, 2018 and September 5, 2018, respectively. (Doc. 49) At that time, the Court ordered, "**Absolutely no other modifications to case deadlines are authorized and absolutely no further modifications to the expert deadlines will be entertained by the Court.**" Id., emphasis in the original.

By this time, Mr. Dunn determined that he needed a mining expert because he believed the mineral rights to the property were valuable. (Doc. 53-1 at 2) Indeed, in his answer, he alleged that the value of the property exceeded $2 million. (Doc. 34; Doc. 53-1) Accordingly, on July 11, 2018, Mr. Dunn disclosed Shannon Poe as a "non-retained" expert. (Doc. 53-1) At the time, Mr. Dunn failed to provide an expert report. (Doc. 50 at 3)

Mr. Dunn now reports that at the time he disclosed Mr. Poe, he had not had contact with him and had not received his agreement to act as an expert. (Doc. 53-1 at 2-4) Moreover, Mr. Poe is a professional miner and due to his work, he is frequently unavailable and won't be available to view the property until this week. Id. Mr. Dunn's lawyer finally retained him on September 20, 2018. Id. Consequently, Mr. Dunn seeks an extension of time to disclose experts, despite that this deadline passed two months ago, and all other case deadlines. (Doc. 53 at 5)

## II.    Legal Authority

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v.*

*Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification

of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.  If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted).  Therefore, parties must

"diligently attempt to adhere to the schedule throughout the course of the litigation."  *Jackson v.*

*Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  A party requesting modification of a scheduling

order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).  If the Court finds the moving party "was not diligent, the

inquiry should end."  *Johnson*, 975 F.2d at 609.

Mr. Dunn has known for an extended period that he would need an expert to support his claim

that the mineral rights associated with the property are quite valuable.  Despite this, he failed to act

diligently to retain an expert[2]  He has provided the Court no explanation as to when he began

attempting to retain Mr. Poe, why he needed to await receipt of records from The Bureau of Land

Management before he could do so or why he delayed in seeking these records.  (Doc. 53-1 at 3)

Moreover, as recently as July 16, 2018, Mr. Dunn agreed with the report to the Court that Mr. Poe's

deposition would occur by September 4, 2018 and that there were no impediments to completing

---

[2] Given that counsel has now "retained" Mr. Poe, describing him as a "non-retained expert" at the time of the expert disclosure appears disingenuous and to be an attempt to thwart the Rules of Civil Procedure. It does not appear that other counsel understood that Mr. Dunn was identifying Mr. Poe as a non-retained expert given their complaint that he had not provided a report. (Doc. 50 at 3) Even if Mr. Poe could be called a non-retained expert at the time of his disclosure, this did not excuse him from providing the information set forth in Rule 26(a)(2)(C).

discovery as ordered.  (Doc. 50 at 4) He admits now that he *had no way of knowing* that this assertion

was true and, in fact, it was not true.   Also, because Mr. Poe has not examined the property or the

relevant records, Mr. Dunn's suggestion that Mr. Poe has meaningful information to provide is equally

unsupported.

Finally, Mr. Dunn fails to show that the discovery issues could not have been reasonably

foreseen or anticipated, or that he was diligent in seeking amendment of the case schedule "once it

became apparent that [he] could not comply with the order." *See Jackson*, 186 F.R.D. at 607.  The

Ninth Circuit has determined a court may deny "further discovery if the movant has failed diligently to

pursue discovery in the past." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir.

2001).  Consequently, the Court does not find that Mr. Dunn has acted diligently and his motion to

amend the case schedule is **DENIED**.


IT IS SO ORDERED.

Dated:    **September 25, 2018**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

4