

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>42.35 ACRES OF LAND, MORE OR LESS, SITUATE IN KERN COUNTY CALIFORNIA, AND DONALD E. RINALDI, TRUSTEE FOR SIERRA CRAIGMYLE TRUST DATED DECEMBER 28, 1987, et al.,<br><br>Defendant. | Case No: 1:17-CV-00930-LJO-JLT<br><br>**ORDER FOR WITHDRAWAL OF DEPOSIT OF PROBABLE COMPENSATION** |

ORDER GRANTING MOTION FOR WITHDRAWAL OF DEPOSIT

Having read and considered the Motion for Withdrawal of Deposit of Just Compensation by Defendants Charles Dunn and Tyler Wendt, Trustee (collectively "Defendants"), as well as Plaintiff's response, ECF No. 61, Defendants' reply, ECF No. 63, and various supplemental filings. ECF Nos. 67 & 69, and good cause having been shown, the Court finds that (i) Defendants each own a fifty percent (50%) interest in the real property that is the subject of this condemnation action (the "Property"), (ii) no other parties have appeared in this action to claim an ownership interest in the Property and (iii) no other parties are believed to have an ownership interest in the Property.

The most recent supplemental filing dispels any suggestion that title to the Property is clouded. At one point in the title history, the Property was held by the "Sierra Craigmyle Trust" (the "Trust"). At the time this case was initiated, no party or interested person could produce a copy of the Trust documents. In October 2015, after the United States initiated the process of taking the Property but before the Property was actually transferred to the United States, Donald Rinaldi, purportedly acting as Trustee for the Trust, transferred the Property from the Trust via quitclaim deed to Defendants Charles Dunn and George Wendt, purported beneficiaries of the Trust. The United States eventually came to an agreement with Defendants as to just compensation for the taking of the Property.

However, upon Defendants' moving for disbursement of the compensation, the government, acting in accord with its ethical obligations, informed the Court that it had concerns over title to the Property. In particular, as mentioned, until very recently, no Party or other interested person had been able to produce a copy of the Trust. Moreover, the United States' representative in negotiations over the Property claimed to have received information that: (1) Mr. Rinalidi had resigned as Trustee prior to transferring the property from the Trust to the beneficiaries via quitclaim deed in October 2015; and (2) the Trust may have expired long ago. *See* ECF No. 67-1.

In their most recent filings, Defendants indicate that, after significant effort, a copy of the Trust (albeit an unsigned copy) has been located. *See* ECF No. 69 at p 7-16 of 67. That copy indicates that Donald Rinaldi was indeed intended to be original Trustee and that Charles Dunn

and George Wendt were the beneficiaries, each entitled to a one-half interest in the Property. The Trust documents also reveal a termination clause providing that the Trust would terminate 20 years from its initiation date of December 28, 1987. Upon termination, the Trustee was supposed to distribute the Trust property to each beneficiary. The most recent declaration of Charles Dunn confirms the nature of the Trust as well. ECF No. 69 at p. 17-20 of 67.

The Court finds that, despite the declaration of U.S. Army Corps of Engineers Property Specialist Kelly Boyd, ECF No. 67-1, the Court is in possession of no competent evidence establishing that Donald Rinaldi resigned as Trustee. Therefore, his 2015 transfer of title to the beneficiaries is valid and comports with the terms of the Trust.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court issue two (2) warrants in the amount of $112,315.48 (One Hundred Twelve Thousand Three Hundred Fifteen Dollars and Forty Eight Cents), which totals to $224,630.96 (Two Hundred Twenty Four Thousand Six Hundred Thirty Dollars and Ninety Six Cents), plus accrued interest, *less* any amount paid by the Clerk of the Court of the County as interest payments, one made payable to "Nossaman LLP Client Trust Account fbo Charles Dunn" and the other made payable to "Tyler Wendt";

2. The Clerk of Court shall mail the warrant made payable to "Nossaman LLP Client Trust Account fbo Charles Dunn" to Mr. Dunn's counsel of record:

>Bernadette M. Duran-Brown
>NOSSAMAN LLP
>18101 Von Karman Ave., Suite 1800
>Irvine, CA 92612;

3. The Clerk of Court shall mail the warrant made payable to "Tyler Wendt" to Mr. Wendt's counsel of record:

>Eric F. Edmunds, Jr.
>Law Offices of Eric F. Edmunds, Jr.
>100 Wilshire Boulevard, Suite 700
>Santa Monica, CA 90401

- 3 -
ORDER GRANTING MOTION FOR WITHDRAWAL OF DEPOSIT

4. Defendants shall be liable for any valid claims by other interested parties if it is ultimately determined that Defendants are entitled to less than the amount disbursed, and if so, Defendants shall return the difference to the Court with interest;

5. Defendants shall pay and discharge in full all taxes, assessments, liens and encumbrances against the property, if any, in existence as of the date of taking; and

6. Plaintiff shall be held harmless from the claims of any and all parties having liens or encumbrances and any other parties who may be entitled to the distributed funds or any part thereof by virtue of any recorded or unrecorded agreement.

IT IS SO ORDERED.

Dated: November 21, 2018  By: _____
UNITED STATES CHIEF DISTRICT JUDGE
Lawrence J. O'Neill

- 4 -
ORDER GRANTING MOTION FOR WITHDRAWAL OF DEPOSIT